

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 3:-12CR-128-M |
| | § | |
| PHILIP ODOEMENA | § | Filed Under Seal |

## INDICTMENT

The Grand Jury charges:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal program that provided health care benefits to certain individuals, including those age 65 years or older, blind, or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Medicare was a "health care benefit program," as defined by 18 U.S.C. § 24(b), that affected interstate commerce.

2. Medicare was divided into multiple Parts. Medicare Part B covered physicians' services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as enteral nutrition supplies, enteral feeding supply kits, wheelchairs, and accessories.

Indictment–Page 1

3. Enteral nutrition and feeding supply kits were a type of DME that included liquid nourishment fed through a tube passed directly or indirectly through the stomach. Enteral nutrition was typically provided by using a large syringe that was attached to a feeding tube, using gravity, or a using pump to infuse it into a feeding tube over a longer period of time. Medicare referred to the items used to get the nutrition into the tube (whether syringe, gravity, or pump) as an enteral feeding supply kit. Though enteral nutrition was a Medicare–covered item, oral nutritional supplements were not covered under Medicare Part B.

4. Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries." Each beneficiary was given a Medicare identification number.

5. DME companies, pharmacies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." In order to participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare–related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6. Medicare reimbursed DME companies and other health care providers for services rendered to beneficiaries. Medicare would generally pay reimbursement for DME and related medications only if they were prescribed by the beneficiary's physician and were medically necessary to the treatment of the beneficiary's illness or injury.

7. To receive reimbursement from Medicare, providers submitted or caused the submission of claims to Medicare for payment of services to beneficiaries, either directly or through a billing company.

8. CMS contracted with Durable Medical Equipment Medicare Administrative Contractors ("DME MACs") to provide Medicare benefits and process claims for reimbursement. The DME MAC that processed and paid Medicare DME claims in Texas was Cigna Government Services ("Cigna").

9. In order to bill Medicare for services rendered, a provider submitted a claim form (Form 1500) to Cigna. When a Form 1500 was submitted, usually in electronic form, the provider certified: (1) that the contents of the form were true, correct, and complete; (2) that the form was prepared in compliance with the laws and regulations governing Medicare; and (3) that the contents of the claim were medically necessary.

10. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment or medicine provided to the beneficiary, the date the equipment or medicine was provided, the cost of the equipment or medicine, and the name and unique physician

identification number of the physician who prescribed or ordered the equipment or medicine.

## The Texas Medicaid Program

11. The Texas Medicaid program ("Medicaid") was a state program jointly funded by the State of Texas and the federal government. Medicaid provided medical and related services to families with dependent children and to aged, blind, or disabled persons who could not afford to pay for necessary medical services. Among the types of reimbursable medical assistance available to Medicaid clients were office visits, diagnostic testing, prescription drugs, and DME. Medicaid was a "health care benefit program," as defined by 18 U.S.C. § 24(b), that affected commerce.

12. Individuals eligible under the Medicaid program were referred to as Medicaid "clients." Each client was given a Medicaid identification number.

13. DME companies, pharmacies, physicians, and other health care providers that provided services to Medicaid clients were referred to as Medicaid "providers." To participate in the Medicaid program, providers were required to submit an application in which they agreed to comply with all Medicaid–related laws and regulations. If Medicaid approved the application, the provider was assigned a provider number, which allowed the provider to submit claims to Medicaid to obtain reimbursement for goods and services provided to clients.

14. Medicaid covered DME, such as enteral nutrition supplies, enteral feeding supply kits, incontinence supplies, wheelchairs, and accessories. Though enteral nutrition was a Medicaid–covered item, oral nutritional supplements were not covered under Medicaid.

15. A Medicaid claim for DME reimbursement was required to set forth, among other things, the client's name and unique Medicaid identification number, the equipment or medicine provided to the client, the date the equipment or medicine was provided, the cost of the equipment or medicine, and the name and unique physician identification number of the physician who prescribed or ordered the equipment or medicine.

16. For Medicaid clients eligible to receive benefits under both Medicare and Medicaid, claims were submitted first to Medicare, which paid a percentage of the allowable claim. Then the claim would be automatically and electronically forwarded by Medicare to Medicaid, which paid the coinsurance or deductible without further review of the claim. This type of claim was referred to as a "crossover claim."

The Defendant

17. **Philip Odoemena** was an owner and operator/administrator of Kingsway Medical Systems, Inc. ("Kingsway"), a Texas business entity purportedly doing business at 331 Melrose Drive, Suite 102, Richardson, Texas, 75080. Among other things, Kingsway billed for enteral nutrition supplies, enteral feeding supply kits, incontinence

supplies, wheelchairs, and accessories. **Odoemena** managed, operated, and made financial decisions for Kingsway.

Counts One through Seven
Health Care Fraud
(Violations of 18 U.S.C. §§ 1347, 2)

18. The Grand Jury realleges and incorporates by reference paragraphs 1 through 17 of this Indictment.

19. Beginning at least in or about May 2007, and continuing thereafter until on or about March 2012, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Philip Odoemena**, as set forth below, aided and abetted by and aiding and abetting others known and unknown to the Grand Jury, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the control of, Medicare and Medicaid, health care benefit programs affecting commerce as defined in 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services—namely, enteral nutrition supplies, enteral feeding supply kits, incontinence supplies, wheelchairs, and accessories.

## Purpose of the Scheme and Artifice

20.     The object of the scheme and artifice to defraud was for **Odoemena**, through Kingsway, to unlawfully enrich himself by submitting and causing the submission and payment of fraudulent claims for reimbursement, which: (a) falsely represented that legitimate and qualifying supplies were provided and (b) falsely represented the medical necessity of the supplies.

## Acts in Execution of the Scheme and Artifice

21.     In furtherance of and in execution of the scheme and artifice to defraud, **Odoemena**, aided and abetted by and aiding and abetting others known and unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, on or about the dates listed below, knowingly and willfully submitted, or caused to be submitted, false and fraudulent claims, in that they falsely represented that legitimate and qualifying supplies were provided and that they falsely represented the medical necessity of the supplies, to Medicare and Medicaid for reimbursement of the cost of items and accessories as set forth below, each such claim constituting a separate count of this Indictment:

| Count | Beneficiary/ Client | Descriptions of DME Billed | Approximate Date of Bills | Amount Billed |
|---|---|---|---|---|
| 1 | E.Y. | Enteral Formula and Enteral Feeding Supply Kit | 03/23/2010 | $567.00 |
| 2 | D.H. | Enteral Formula and Enteral Feeding Supply Kit | 04/15/2010 | $870.00 |
| 3 | D.H. | Group 2 Heavy-Duty Power Wheel Chair | 06/22/2010 | $3,075.00 |
| 4 | B.P. | Enteral Formula and Enteral Feeding Supply Kit | 09/15/2010 | $850.00 |
| 5 | L.B. | Enteral Formula and Enteral Feeding Supply Kit | 05/10/2010 | $870.00 |
| 6 | J.M. | Enteral Formula and Enteral Feeding Supply Kit | 04/16/2010 | $705.60 |
| 7 | J.A. | Group 2 Heavy-Duty Power Wheel Chair and Accessories | 08/31/2008 | $7,595.44 |

In violation of 18 U.S.C. §§ 1347 and 2.

## Forfeiture Notice
## (18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(1))

22. Upon conviction for any of the offenses alleged in Counts One through Seven of this Indictment and pursuant to 18 U.S.C. § 982(a)(7), the defendant, **Philip Odoemena**, shall forfeit to the United States any property, real or personal, constituting or derived from, directly or indirectly, the gross proceeds traceable to the commission of the respective offense.

23. The above–referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the respective offense (Counts One through Seven).

## Substitute Assets

24. Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above–described property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above–described property subject to forfeiture.

**Indictment–Page 9**

A TRUE BILL

_____
FOREPERSON


SARAH R. SALDAÑA
UNITED STATES ATTORNEY


_____
BRIAN W. PORTUGAL
Special Assistant United States Attorney
Texas State Bar No. 24051202
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8805
brian.portugal@usdoj.gov


_____
KATHERINE E. PFEIFLE
Assistant United States Attorney
Texas State Bar No. 24041912
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8805
katherine.pfeifle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

PHILIP ODOEMENA (1)

**3-12CR-128-M**

SEALED INDICTMENT

18 U.S.C. § 1347 and 2
Health Care Fraud

18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(1)
Forfeiture Notice

7 Counts

A true bill rendered

*Andrew L. Tuggle*

DALLAS                                                                                   FOREPERSON

Filed in open court this _____ day of _____, 2012.

_____
                                                                                                Clerk

**PLEASE ISSUE ARREST WARRANT FOR PHILIP ODOEMENA**

*[signature]* 5/1/12

UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE
No Criminal Case Pending

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:
   ☒ Yes ☐ No

   **Related Case Information**

   Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No

   Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: ____

   Search Warrant Case Number ____

   R 20 from District of ____

   Magistrate Case Number: 3:12CR-128-M

   Defendant Name _____ PHILIP ODOEMENA (1)
   Alias Name _____
   Address _____

   County in which offense was committed: Dallas

2. **U.S. Attorney Information**

   Brian W. Portugal       Bar # 24051202

3. **Interpreter**

   ☐ Yes ☒ No   If Yes, list language and/or dialect: ____

4. **Location Status**

   **WARRANT TO ISSUE**

   ☐ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   7   ☐ Petty ☐ Misdemeanor ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 U.S.C. § 1347 | Health Care Fraud | 1-7 |
   | 18 U.S.C. § 982(a)(7) and | Forfeiture Notice | |
   | 18 U.S.C. § 982(a)(1) | | |

   Date 4/30/2012       Signature of AUSA: /s/ Brian W. Portugal